IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ESTATE OF LAZARUS WILSON | : | |
| Through Personal Representative Tanya Wilson | : | |
| 5832 Arch Street, Apt 2 | : | |
| Philadelphia, PA 19139 | : | |
| | : | |
| AND | : | |
| | : | |
| TANYA WILSON, *individually* | : | |
| 5832 Arch Street, Apt 2 | : | |
| Philadelphia, PA 19139 | : | |
| | : | |
| Plaintiff, | : | Case No.: _____ |
| | : | |
| vs. | : | |
| | : | |
| THE DISTRICT OF COLUMBIA | : | |
| SERVE: Muriel Bowser | : | |
| 441 4th Street NW | : | |
| Washington, DC 20001 | : | |
| | : | |
| ASHAN M. BENEDICT | : | |
| *In his official capacity as Interim Chief of Police* | : | |
| *for the Metropolitan Police Department* | : | |
| 441 4th Street NW | : | |
| Washington, DC 20001 | : | |
| | : | |
| AND | : | |
| | : | |
| COMMANDER JASON BAGSHAW | : | |
| *In his individual and official capacities* | : | |
| Metropolitan Police Department | : | |
| 441 4th Street NW | : | |
| Washington, DC 20001 | : | |
| | : | |
| Defendants. | : | |

## **COMPLAINT**

**Comes Now**, the Plaintiffs, the Estate of Lazarus Wilson, through personal

representative, Tanya Wilson, and Tanya Wilson through Counsel, files this Complaint against

Defendants the District of Columbia, Ashan M. Benedict in his official capacity as Interim Chief of Police for the Metropolitan Police Department, and Commander Jason Bagshaw in his individual and official capacities pursuant to Title 42 U.S.C. Section 1983 and the Fourth Amendment to the United States Constitution and states as follows:

## SUBJECT MATTER JURISDICTION AND VENUE

1.      This Court has jurisdiction under 28 U.S.C. § 1331 pursuant to 42 U.S.C. §1983 because the crux of the Plaintiff's claim arises under federal law and statute regarding the civil deprivation of rights of the late Lazarus Wilson ("Mr. Wilson"), herein now represented by the Plaintiffs, Estate of Lazarus Wilson and Tanya Wilson.

2.      This Court has jurisdiction over the Plaintiffs' action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 because (1) all events and omissions giving rise to the claims alleged herein occurred in the District of Columbia, (2) the named Defendants work within and for the District of Columbia, and (3) the Defendants have caused bodily injury and death in the District of Columbia by acts in the District of Columbia.

## PARTIES

4.      The Plaintiff, Estate of Lazarus Wilson (hereinafter the "Estate" or "Plaintiff"), represents a Lazarus Wilson who was a person of the full age of majority, was a citizen of the United States and resident of the Commonwealth of Virginia**.** The Plaintiff is the victim of a deadly assault that occurred in the District of Columbia by the hands of a Metropolitan Police Officer, Commander Jason Bagshaw.

5.      The Plaintiff, Tanya Wilson (hereinafter "Plaintiff"), is a person of the full age of

majority, is a citizen of the United States and a resident of the Commonwealth of Virginia. The Plaintiff is the mother of the deceased Lazarus Wilson.

6.      Defendant, the District of Columbia (hereinafter the "District"), service to Mayor Muriel Bowser in her official capacity as Mayor, is the Public Safety Chief and primary executive authority for the District of Columbia.

7.      Defendant, the Ashan M. Benedict in his official capacity as Interim Chief of Police of the Metropolitan Police Department (hereinafter "MPD"), is the primary law enforcement agency for the District of Columbia.

8.      Defendant, Commander Jason Bagshaw (hereinafter "Officer Bagshaw"), was, at all relevant times, employed by the Metropolitan Police Department.

## **STATEMENT OF FACTS**

9.      The Plaintiffs allege and supports by evidence facts against the Defendants herein that arise to the level of Fourth Amendment violations due to excessive force, wrongful death, gross negligence, and assault and battery that resulted in murder of Lazarus Wilson, and corruption that is physically and emotionally traumatizing that violate any sense of human dignity within the District of Columbia.

10.     On or around the evening of July 16, 2022, off-duty Officer Bagshaw of the Metropolitan Police Department intervened in an ongoing robbery of the deceased, Lazarus Wilson (hereinafter "Mr. Wilson").

11.     On or about the evening of July 16, 2022, off-duty Officer Bagshaw while dining at Bistro du Jour in Wharf area of Washington, DC was alerted to commotion taking place outside of the restaurant.

12.     At or around the same time Officer Bagshaw was dining Mr. Wilson and his friend were

scheduled to purchase a watch from a private citizen in the Wharf area of Washington, DC.

13.     Mr. Wilson agreed to buy the watch for $30,000.00 cash from the private citizen.

14.     Mr. Wilson and his friend never met this individual prior to this encounter.

15.     Mr. Wilson and his friend waited for the individual in the area determined to be the location for the sale of the watch.

16.     While waiting in this particular location in the Wharf area of Washington, DC, Mr. Wilson and his friend were approached by two individuals. Mr. Wilson recognized one individual he believed to be the person selling him the watch.

17.     When the two individuals approached Mr. Wilson and his friend, one (1) of the individuals grabbed Mr. Wilson's friend at gunpoint and started to pull him back to an unknown vehicle.

18.     Mr. Wilson began screaming at the individual to let his friend go and at the same time the second individual began to assault Mr. Wilson.

19.     During the altercation, Mr. Wilson who was armed with a firearm on his person, retrieved this firearm in self-defense and pointed it towards the individual who held his friend at gunpoint dragging him to an unknown vehicle.

20.      At or around this time Officer Bagshaw left Bistro du Jour restaurant and fired two (2) shots killing Mr. Wilson.

21.     Officer Bagshaw did not announce himself to anyone one the scene prior to taking any action as a law enforcement officer.

22.     Officer Bagshaw did not order the two individuals and now robbery suspects, or Mr. Wilson and now the victim of an attempted robbery to drop their weapons prior to taking any action as a law enforcement officer.

23.    Officer Bagshaw did not attempt to pursue the robbery suspects, Mr. Wilson, or Mr. Wilson's friend prior to discharging his weapon.

24.    Officer Bagshaw did not call for back-up prior to discharging his service weapon.

25.    Mr. Wilson, was shot from behind.

26.    Mr. Wilson never saw Officer Bagshaw.

27.    Even Mr. Wilson's friend on the scene never saw Officer Bagshaw until after Officer Bagshaw discharged his weapon.

28.    Mr. Wilson was handcuffed while he was bleeding out on the ground and while the armed robbery suspects retreated from the scene.

29.    After, Officer Bagshaw discharged his weapon additional officers responded to the scene announcing themselves, asking Mr. Wilson's friend, and the dying Mr. Wilson to stop and put their hands up.

30.    Officer Bagshaw never announced or commanded anyone involved in the incident to stop prior to discharging his service weapon.

31.    Off-duty Officer Bagshaw was in plain clothes, but possessed his service weapon issued by MPD throughout the entire encounter, and held himself out to be an on-duty officer evidenced by his actions throughout the entire encounter.

32.    Officer Bagshaw was unidentifiable as a police officer throughout this entire encounter.

33.    Officer Bagshaw was the only person who discharged a firearm throughout this entire encounter and killed Mr. Wilson.

## COUNT I – ESTATE V. COMMANDER JASON BAGSHAW
### 42 U.S.C. Section 1983
### Fourth Amendment - Excessive Force

34.    The Plaintiffs adopts and incorporates each and every allegation above as if fully stated

herein.

35.     An action under 42 USC §1983 establishes that:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage of any State or Territory or the District of
> Columbia, subjects or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action
> at law. 42 U.S.C. §1983

36.     To comply with a claim under §1983 two elements must be met. The first requires, facts

and circumstances that allege the government's actions are so egregious as to deprive a citizen of

their fundamental due process rights. The second element requires, facts and circumstances that

suggest a custom or policy of the municipality caused this deprivation of fundamental rights. *See*

*Collins v. City of Haker Heights,* 503 U.S. 115, 124 (1992) and *Baker v. District of Columbia,*

356 U.S. App. D.C. 47, 51 (2003).

37.     The first element under a §1983 action is supported directly from the text of the Fourth

Amendment of the United States Constitution. The Fourth Amendment provides an explicit

textual source of the constitutional protection against excessive force, the guiding standard for a

§1983 claim such as this is reasonableness. *See Graham v. Conner,* 490 U.S. 386, 395 (1989).

The job of the court is to determine whether or not the actions of a defendant were objectively

reasonable only. If the actions of the defendants are not objectively reasonable pursuant to the

law, this question must be presented to a jury.

38.     To determine whether or not the force used was objectively reasonable the court must

consider whether or not the application of force was necessary coupled with the relationship

between the necessary amount of force and the amount of force that was actually used. *See*

*Whitley v. Albers,* 475 U.S. 312 (1986).

39.     In accordance with the law, qualified immunity must be denied where viewing the facts
in record and all reasonable inferences derived therefrom in a light most favorable to the
plaintiff, a reasonable jury could conclude that the unlawfulness of the defendants' actions were
so apparent that no reasonable officer could have believed in the lawfulness of his actions.
*Kotsch v. District of Columbia,* 924 A.2d 1040, 1048 (D.C. App. 2007).

40.     The second element under a §1983 action is supported by an "affirmative link" between
the actions of the defendants and any government policy or custom. The court acknowledges that
there are many ways to satisfy the "affirmative link" prong of a §1983 analysis. *See City of
Oklahoma City v. Tuttle,* 471 U.S. 808, 823 (1985) and *Baker v. District of Columbia,* 356 U.S.
App. D.C. 47, 51 (2003).

41.     At all times relevant Officer Bagshaw was employed by the Metropolitan Police
Department of the District of Columbia ("MPD") as an officer and acted under the color of state
law and within the course and scope of his employment.

42.     Members of MPD are "held to be always on duty" and therefore the fact that Officer
Bagshaw was in plain clothes having dinner with his wife did not absolve him from his
requirement to comport with MPD protocols. *See Bauldock v. Davco Food, Inc.,* 622 A.2d 28, 28
(D.C. 1993) and D.C. Municipal Regulation 6-A200.4.

43.     Officer Bagshaw held himself out to be an on-duty officer when he engaged an active
crime.

44.     Mr. Wilson never attempted any acts of force towards Officer Bagshaw. Mr. Wilson was
unaware of even the presence of Officer Bagshaw. Therefore, the force Officer Bagshaw used
against Mr. Wilson was unreasonable and excessive.

45.     Furthermore, Mr. Wilson never attempted any acts of force towards anyone other than his

aggressors in self-defense.

46.     Mr. Wilson had a legally justifiable self-defense claim regarding his actions towards the armed robbery suspects.

47.     Officer Bagshaw failed to provide any proper assessment of the situation prior to discharging his firearm.

48.     Officer Bagshaw ultimately breached his duty to Mr. Wilson to use only reasonable force necessary to de-escalate, gain control of the situation, or prevent grave bodily harm while acting under the MPD policy that officers are always on duty and therefore must comply with MPD protocols.

49.     MPD's policy of holding an officer always on duty encouraged Officer Bagshaw to engage in an ongoing robbery and discharge his MPD service issued firearm despite being in plain clothes, and out for dinner with his wife.  Officer Bagshaw engaged with Mr. Wilson under the color of state law, and therefore, MPD and the District's failure to train and supervise Officer Bagshaw provides the affirmative link between the government's actions and Mr. Wilson's death.

50.     MPD and the District failed to train or supervise Officer Bagshaw according to police trainings and protocol pursuant to General Order 901.07 for the Metropolitan Police for the District of Columbia.

51.     Mr. Wilson had a right to be free from the use of excessive and unnecessary physical force to his person by the police. This right was denied to Mr. Wilson when Defendant Officer Bagshaw knowingly used deadly force without announcement, reasonable assessment of the situation, and proper provocation under the color of state law. Mr. Wilson's right was further denied when Officer Bagshaw shot Mr. Wilson under circumstances where Mr. Wilson was

unaware of the officer's presence, and was easily capable of announcing himself prior to shooting of Mr. Wilson.

52.     The Plaintiff has a protected property and liberty interest in his freedom, his ability to exercise free will and domain of his person, his ability to be free from unlawful and unwelcome abuse and attack by police, and his ability to live his life without summary punishment and abuse.

53.     The Plaintiff was afforded less process than was due under the law by Defendants in depriving him of the rights stated above.

54.     Officer Bagshaw was deliberately indifferent to Plaintiff's safety and rights.

55.     As a direct and proximate result of the aforesaid conduct, actions and inactions of Officer Bagshaw, Plaintiff was caused to suffer permanent physical injuries leading to death, mental anguish, humiliation, loss of enjoyment of life, inability to perform and do normal activities, economic damages including, but not limited to, past and future medical bills and expenses, past and future lost time and wages, past and future earning capacity, all to the great detriment of the Plaintiff.

        Wherefore, Plaintiff demands judgment against Defendant Commander Jason Bagshaw in his individual and official capacities.

### COUNT II – TANYA WILSON V. COMMANDER JASON BAGSHAW
**Wrongful Death**

56.     The Plaintiffs adopts and incorporates each and every allegation above as if fully stated herein.

57.     Within the District of Columbia, an action for Wrongful Death may be brought in the name of the personal representative of the deceased person within two (2) years after the death of the person injured. D.C. Code §16-2702.

58.     A Wrongful Death action in the District is when by injury the death of a person is caused by the wrongful act, neglect, or default of a person's actions. D.C. Code §16-2701.

59.     At all times relevant to this Complaint Officer Bagshaw was employed by the Metropolitan Police department as a police officer and acted under the color of law and within the scope, and course of his employment when dealing with Mr. Wilson.

60.     Pursuant to 42 U.S.C. §1983 and state law claims of gross negligence, and assault and battery, Defendants actions wrongfully deprived Mr. Wilson of his liberty interest in his freedom and life without due process.

61.     Defendants' actions were grossly negligent in causing the death of Mr. Wilson. MPD's policy is to hold all officers as always on duty establishes Officer Bagshaw's duty to comport with MPD's General Order 901.07. MPD's policy to hold officers always on duty is a negligent policy within itself as it is careless and unreasonable. The blanket policy should not embolden officers to perform law enforcement duties when officers are intoxicated or simply incapable of being in a reasonable state of mind.  Officer Bagshaw operating under MPD's policy deprived Mr. Wilson of his rights by seizing his life without a reasonable basis to do so and thereby injuring him and depriving him of his liberty.

62.     Prior to discharging his MPD issued service weapon upon Mr. Wilson, plain clothes Officer Bagshaw failed to announce himself or order Mr. Wilson to comply with any commands.

63.     Officer Bagshaw, did not comply with his police trainings and protocol pursuant to General Order 901.07 for the Metropolitan Police for the District of Columbia

64.     Pursuant to General Order 901.07, "Members shall not use deadly force against a person unless the member reasonably believes that deadly force is immediately necessary to protect the member or another person from the threat of serious bodily injury or death, the member's actions

are reasonable given the totality of the circumstances*, and all other options have been exhausted or do not reasonably lend themselves to the circumstances… To the greatest extent possible, members shall ensure that the use of deadly force presents no substantial risk of injury to innocent persons. Members shall not discharge their weapon into a crowd, as a signal for help, or as a warning shot.*"

65.     Among many other reasons, Officer Bagshaw failed to exhaust any other means of de-escalation or pursuit of arrest as it lends itself to the situation. Given the fact he was in plain clothes and no one in the incident ever saw or acknowledged his presence on the scene, significantly his presence as a law enforcement officer. At a minimum, plain clothes Officer Bagshaw pursuant to his training should have announced himself and provided verbal commands prior to any further engagement. Officer Bagshaw also shot and killed the innocent because he failed to use the judgment of a reasonably prudent officer or merely follow MPD protocols. Officer Bagshaw's gross negligence and violation of 42 USC §1983 violated Mr. Wilson's right to be free from unreasonable seizure thereby injuring him and depriving him of his life and liberty.

66.     Officer Bagshaw deprived Mr. Wilson of his life by using excessive and unreasonable force when he shot him without any justifiable reason to do so.

67.     Officer Bagshaw deprived Mr. Wilson of his life by using excessive and unreasonable force when he shot Mr. Wilson without warning or announcement.

68.     Officer Bagshaw failed to properly assess the situation due to his rash decision making after dinner and drinks with his wife at a nearby restaurant.

69.     The shooting of Mr. Wilson was not privileged or otherwise justified and constituted the use of excessive force by Officer Bagshaw.

70.     Mr. Wilson's actions were compliant with a lawful self-defense claim in the District of Columbia. In the District a claim of self-defense requires that Mr. Wilson reasonably believe that he was in imminent danger of bodily harm and the force subject to be used in defense is proportionate. *See Parker v. United States,* 155 A.3d 835 (D.C. 2017). In Mr. Wilson's case he was actively being robbed at gunpoint and thus his defense would have been justified it was not for Officer Bagshaw wrongfully killing Mr. Wilson in the street and foregoing his Constitutional rights.

71.     As a result of Mr. Wilson's wrongful death, Ms. Tanya Wilson, Mr. Wilson's mother, has sustained pecuniary loss, economic damages in loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of filial care, loss of attention, loss of life, loss of counsel, loss of guidance, loss of company and loved ones.

72.     This Complaint is timely filed within two (2) years after the death of Mr. Wilson pursuant to D.C. Code § 16-2702.

73.     Wherefore, Plaintiff Tanya Wilson demands judgment against Defendant Commander Jason Bagshaw in his individual and official capacities.

### COUNT III - ESTATE V. COMMANDER JASON BAGSHAW
#### Gross Negligence

74.     The Plaintiffs adopts and incorporates each and every allegation above as if fully stated herein.

75.     In the District of Columbia to assert a claim for negligence there must be a legal duty, breach of that legal duty, and causation.

76.     Gross negligence is defined as an extreme departure from the ordinary standard of care or the failure to exercise even slight care that would shock fair-minded men. *See District of*

*Columbia v. Walker,* 689 A.2d 40, 44 (D.C. 1997).

77.     D.C. Code §5-123.02 establishes a legal duty for MPD officers to refrain from using unnecessary and wanton severity in arresting or imprisoning members of the public.

78.     General Order 901.07 establishes a legal duty for Members of MPD to only deploy deadly force if it is immediately necessary to protect themselves or another person from serious bodily harm or death and the member's actions are reasonable given the totality of the circumstances, and all other options have been exhausted or do not reasonable lend themselves to the circumstances.

79.     Officer Bagshaw while engaging with the public in his role as an officer acted grossly negligent when he decided to engage in plain clothes, without announcement, without commands, without warning, and without the use of any de-escalation tactics, discharged his service weapon killing Mr. Wilson.

80.     Officer Bagshaw failed to conduct himself in a dutiful manner to refrain from the use of unnecessary and wanton force when imprisoning a civilian suspect.

81.     Officer Bagshaw failed to exhaust all other options given the totality of the circumstances and caused the death of a robbery victim.

82.     Officer Bagshaw's conduct grossly deviated from his legal duty and standard of care for a reasonable prudent police officer when drew his firearm without warning.

83.     Mr. Wilson was not protected by MPD on July 16, 2023, but was rather victimized and killed at the hands of the people who should have been there to protect him.

84.     Officer Bagshaw's actions were the proximate and actual cause of the death of Mr. Wilson, as he was the only person who discharged a weapon.

85.     As a result of Officer Bagshaw's actions being below the standard of care the Estate is

entitled to damages including but not limited to pain and suffering, emotional suffering, compensatory damages, and punitive damages.

WHEREFORE, Plaintiffs, pray for judgment against Defendant Commander Jason Bagshaw in his individual and official capacities.

## COUNT IV - ESTATE V. COMMANDER JASON BAGSHAW
### Assault & Battery

86.     The Plaintiffs adopts and incorporates each and every allegation above as if fully stated herein.

87.     Pursuant to §22-404 any person who intentionally, knowingly, or recklessly causes bodily injury to another has committed simple assault.

88.     Pursuant to §5-123.02 an officer who uses unnecessary and wanton force in arresting or imprisoning any person shall be deemed guilty of assault and battery.

89.     Officer Bagshaw purposely and knowingly fired his weapon to strike Mr. Wilson.

90.     As a result of Officer Bagshaw's violent conduct, the Plaintiff is entitled to damages including, but not limited to pain and suffering, emotional suffering, compensatory damages, and punitive damages.

91.     WHEREFORE, Plaintiffs, pray for judgment against Defendant Commander Jason Bagshaw in his individual and official capacities.

## COUNT V - ESTATE V. COMMANDER JASON BAGSHAW
### Survival Action

92.     The Plaintiffs adopts and incorporates each and every allegation above as if fully stated herein.

93.     Tanya Wilson, as the mother of Lazarus Wilson and personal representative of the Estate of Lazarus Wilson, brings a survival action pursuant to D.C. Code §12-101 and brings claim for

the conscious pain, suffering, anguish, reasonable and necessary medical expenses, inconvenience and discomfort, the amount of money that Plaintiff's decedent would have accumulated over the normal expected life time, and other economic and non-economic expenses, losses and damages sustained by Plaintiff's decedent, as allowed, under the D.C. Code §21-101.

94.     As a direct and proximate result of gross negligence and excessive force of the Defendant as set forth herein this Complaint and for which Lazarus Wilson would have been able to maintain an action against the Defendants had he lived. Mr. Wilson sustain pain prior to suffering his death on July 16, 2022.

95.     At all relevant times, Officer Bagshaw was employed by Metropolitan Police Department and acted under color of state law and within the course and scope of his employment.

96.     Through Officer Bagshaw, MPD, and the District's gross negligence, actions and inactions the Defendants deprived Mr. Wilson of his life by using excessive and unreasonable force.

97.     Defendant Jason Bagshaw's actions, were the cause of Mr. Wilson suffering permanent physical injuries leading to death, mental anguish, humiliation, loss of enjoyment of life, inability to perform and do normal activities, economic damages including, but not limited to, past and future medical bills and expenses, past and future lost time and wages, past and future earning capacity, all to the great detriment of the Plaintiff.

## COUNT VI – ESTATE V. ASHAN M. BENEDICT & THE DISTRICT OF COLUMBIA
### Gross Negligence

98.     The Plaintiffs adopts and incorporates each and every allegation above as if fully stated herein.

99.     Ashan M. Benedict, in his official capacity as Interim Chief of Police for the

Metropolitan Police Department (hereinafter "MPD") and The District of Columbia (the "District") are liable pursuant to 42 U.S.C. §1983 for their failure to train or supervise their Officer Bagshaw not to engage in activities with the public under his official capacity as a law enforcement officer while off-duty.

100.    In the District of Columbia to assert a claim for negligence there must be a legal duty, breach of that legal duty, and causation.

101.    Gross negligence is defined as an extreme departure from the ordinary standard of care or the failure to exercise even slight care that would shock fair-minded men. *See District of Columbia v. Walker,* 689 A.2d 40, 44 (D.C. 1997).

102.    The Metropolitan Police Department's policy is to hold officers as always on duty permitted Officer Bagshaw to jump into action despite being out to dinner with his wife and unidentifiable as an officer. Officer Bagshaw was armed with his service weapon and discharged it without any supervision or training as it pertains to the actions of an off-duty officer still in possession of their service weapon. The failure for MPD and the District to train or supervise off-duty officers who are always held to be on duty, and permitted to carry service weapons perpetually, no-matter their duty status activates a duty for MPD and the District to train and adequately supervise off-duty officers who carry service issued weapons.

103.    The failure to train or the inability to supervise officer contradicts and alters the reasonable prudent officer standard echoed throughout the law and within MPD's police handbook.

104.    This failure to train or supervise off-duty officers carrying service issued weapons is a failure for MPD and the District to exercise even slight care that shocks fair-minded men.

105.    MPD and the District's actions in establishing the "always on duty" policy and their

failure to train or supervise the "always on duty" officer was the proximate and actual cause of the death of Mr. Wilson, as they allowed Officer Bagshaw to act under the color of state law and violate the Fourth Amendment of the Constitution.

106.     As a result of MPD's and the District's actions failure to exercise even the slightest of care that would shock the mind of fair-minded men, the Estate is entitled to damages including but not limited to pain and suffering, emotional suffering, compensatory damages, and punitive damages.

107.     WHEREFORE, Plaintiff prays for judgment against Defendants Ashan M. Benedict in his official capacity as Interim Chief of Police and the District of Columbia.

## COUNT VII – ESTATE AND TANYA WILSON V. ASHAN M. BENEDICT & THE DISTRICT OF COLUMBIA
### *Respondeat Superior*

108.     The Plaintiffs adopts and incorporates each and every allegation above as if fully stated herein.

109.     Defendant Commander Jason Bagshaw violated the rights guaranteed to Mr. Wilson under the common law and the Constitution.

110.     At all times relevant hereto, Officer Bagshaw was an officer of MPD, itself a department of the District.

111.     The acts of Officer Bagshaw alleged in this Complaint were within the scope of his employment as a police officer of MPD and the District.

112.     Ashan M. Benedict in his official capacity as Interim Chief of Police and the District are liable to Plaintiff pursuant to *respondeat superior* for the common law violations committed by Bagshaw alleged herein.

113.     WHEREFORE, Plaintiff prays for judgment against Defendants Ashan M. Benedict in

his official capacity as Interim Chief of Police and the District of Columbia.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, respectfully prays for judgment as follows:

a) An award of compensatory and punitive damages against Defendants Commander Jason Bagshaw, Ashan M. Benedict in his official capacity as Interim Chief of Police and the District of Columbia in the amount of $25,000,000.00.

b) Appropriate injunctive relief, including the implementation of training protocols to prevent and effectively discipline the conduct complained of herein; and

c) An order granting such other relief as this Court deems just and proper.

Date: July 11, 2023

Respectfully submitted,                                          Estate of Lazarus Wilson
                                                                 By Counsel

**/s/ Andrew O. Clarke, Esquire**
Andrew O. Clarke, Esquire
DC Bar No.: 1032649
A. Clarke Law, PLLC
163 Waterfront Street, Suite 440
National Harbor, MD 20745
T: (202)780-9144
F: (202)747-5827
E: a.clarke@aclarkelaw.com
*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff, through counsel, requests a trial by jury as to all counts so triable.

Respectfully submitted,

**/s/ Andrew O. Clarke, Esquire_____**
Andrew O. Clarke, Esquire
DC Bar No.: 1032649
A. Clarke Law, PLLC
163 Waterfront Street, Suite 440
National Harbor, MD 20745
T: (202)780-9144
F: (202)747-5827
E: a.clarke@aclarkelaw.com
*Counsel for Plaintiff*